IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


**LINDSEY BOYD JORDAN**                                                                                  **PETITIONER**

**v.**                                            **Civil No. 6:13-cv-6080**

**RAY HOBBS, Director,**                                                                                 **RESPONDENT**
**Arkansas Department of Corrections**


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, LINDSEY BOYD JORDAN, ("Petitioner") an inmate confined at the Ouachita River Unit of the Arkansas Department of Corrections, Malvern, Arkansas, files this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. The Respondent was served with a copy of the Petition and has responded. ECF No. 14. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response and all exhibits submitted in this case and finds as follows:

**I. Procedural Background[1]:**

On January 3, 2012, Petitioner pled guilty to manufacturing, delivering or possessing a controlled substance in the Circuit Court of Benton County, Arkansas. An Amended Sentencing Order was entered by the state court on January 20, 2012, sentencing him to a total of 48 months imprisonment.[2] ECF No 14-2. He did not appeal this sentence. Further, he did seek any form of state post-conviction relief.

---

[1] The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

[2] Petitioner was sentenced to 48 months on count one of the information and additionally to 120 months, suspended, on counts two and three.

-1-

On November 6, 2012, Petitioner pled guilty to possession of prohibited articles in the Circuit Court of Miller County, Arkansas. On November 26, 2012, he was sentenced to 36 months imprisonment to be served consecutively to the sentence imposed in Benton County. ECF No 14-3. He did not appeal this sentence. Further, he did not seek any form of post-conviction relief from the state courts.

## II. Current Petition:

On July 17, 2013, Petitioner filed the instant Petition. In this Petition, he alleges the following facts: The Benton County Circuit Court sentenced him to 9 months in the Department of Community Corrections ("DCC"). He was charged administratively while in the DCC with possession of a prohibited item. He was then charged by criminal information in the Miller County Circuit Court and was arraigned on September 4, 2012. On October 3, 2012, he was approved for parole.[3] He then pled guilty to the criminal information in the Miller County Circuit Court on November 6, 2012 and was subsequently sentenced to 36 months to run consecutive to the 48 months imposed in Benton County. On February 12, 2013, Petitioner was transferred from the DCC the Arkansas Department of Corrections ("ADC").

Petitioner makes the following claims in his Petition:

1. On May 28, 2012, he was "forced to sign a statement" by an officer at the DCC, in violation of his right to counsel and against self incrimination.

2. Petitioner, at some unspecified time, was subjected to an unlawful search without a warrant.

---

[3] While Petitioner was initially approved for parole, he was apparently never actually released from custody during this time period because of the pending charges in Miller County.

3. Petitioner was "forced to incriminate himself," although he fails to allege the facts of this forced incriminatory statement.

4. Petitinoer was subjected to a disciplinary proceeding and punished without a hearing by the DCC on or before May 30, 2012. He was ultimately granted a hearing on June 1, 2012.

5. Petitioner was confined in isolation as a result of the May 2012 disciplinary proceeding in violation of the 8th Amendment.

6. Petitioner had 60 days added to his sentence.

7. His counsel was ineffective in various particulars in the Miller County Circuit Court Proceeding.

8. Petitioner's consecutive sentences were illegal, although he fails to articulate how they were illegal or in violation of the United States Constitution.

9. He is being denied credit for time served between his alleged parole date from the DCC of November 12, 2012[4], and February 12, 2013, when he was transferred to the ADC.

10. Petitioner's administrative punishment and subsequent criminal sentence for possessing prohibited articles while at the DCC constitutes double jeopardy.

11. His civil rights were violated under 42 U.S.C. § 1983.

The Respondent asserts that (a) Petitinoer cannot attack more than one state sentence at a time; (b) The claims regarding the Benton County conviction and the disciplinary proceeding are time barred by 28 U.S.C. §2244(d)(1); and (c) the claims regarding the Miller County convictions lack merit. The Court finds Respondents arguments to be persuasive and will address each.

---

[4] Petitioner also alleged he was approved for parole on October 3, 2012.

### III. Discussion:

**a. Challenging Multiple Judgments**: Petitioner essentially challenges 3 different judgments in his Petition, (1) the Benton County convictions, (2) the Miller County conviction and (3) the disciplinary punishment imposed by the DCC. Rule 2(e) of the Ruled Governing Section 2254 Proceedings states: "A petitioner who seeks relief from judgments of more than one state court *must file a separate petition covering the judgment or judgments of each court*." (emphasis added). Accordingly, the Petition in this matter is "insufficient" according to the commentary to Rule 2(e) and could be dismissed without prejudice. However, as the claims set out in the Petition appear to be, in part, related to each other, the Court declines to recommend denial of the Petition on this ground.

**b. One-Year Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

The United States Supreme Court has addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court,

> expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012).  In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court, his conviction becomes final when the time for pursuing his state court direct appeal expires.  In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal.  *See* ARK. R. APP. P.– CRIM. 2(a).

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  Further, the United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

**1. Benton County Convictions**:  Petitioner was sentenced on January 20, 2012 to a term of 48 months confinement by the Benton County Circuit Court.  Petitioner makes conflicting statements in the Petition regarding the sentence imposed.  First he states he was sentenced to 48 months confinement.  Then he says the trial judge sentenced him to only 9 months confinement.  Then he again states he was sentenced to 48 months confinement.  The Judgment and Sentence are clear and Petitioner was sentenced to 48 months confinement.  ECF No. 14-2.

As noted above, he did not appeal this sentence nor did he seek any state court post-conviction relief. The date on which Petitioner's judgment became final within the meaning of § 2244(d)(1)(A) is, therefore, thirty (30) days following his sentence, or February 20, 2012.  His one-

year time period for challenging the Benton County convictions pursuant to § 2254 would thus have expired on February 20, 2013. He filed the instant petition on July 13, 2013. Petitioner did not file a state petition for post-conviction relief, and accordingly, the Petition is time-barred as to the Benton County convictions.

**2. Prison disciplinary proceeding**: Petitioner also challenges the disciplinary proceeding on May 31, 2012 at the DCC. At that proceeding, he was sentenced for two separate incidents which occurred on May 28, 2012 to disciplinary detention, loss of good time credits, reduction in classification, and loss of privileges. The instant Petition was not filed until July 17, 2013, well over one year after he should have known the facts underlying his claims in this matter. To the extent this claim is directed at the length of his confinement and therefore properly before the Court in this *habeas* proceeding, Petitioner's claims regarding the disciplinary proceeding are barred by the one-year statute of limitations.[5]

Furthermore, even if his claims were not time barred any of the disciplinary proceeding claims made which allege due process violations or other civil rights violations must be brought pursuant to a civil action under 43 U.S.C. § 1983 and not as *habeas* proceeding. Additionally, there is no constitutionally protected interest in whether or not a state follows its own prison regulations. The Eighth Circuit has held:

> there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, "not an interest in the procedures by which the state believes it can best determine how he should be confined." Thus, Phillips is incorrect in asserting that the denial of a hearing should be considered when determining whether a liberty interest was affected. In order to

---

[5] The claims relating to prison disciplinary proceedings are more properly brought pursuant to 28 U.S.C. § 2241, rather than § 2254.

> determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could "expect to experience as an ordinary incident of prison life" We do not consider the procedures used to confine the inmate in segregation.

*Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(citations omitted). Finally, Petitioner was afforded due process in any event. He was afforded a prison hearing on these claims on May 31, 2012. ECF No. 14-4, p. 2, 3, 20, 21. He pled guilty to the violations alleged at the disciplinary hearing.

Likewise, Petitioner's claim of a due process violation as a result of his parole/transfer approval being rescinded is not cognizable in a *habeas* proceeding, as a prisoner's expectation of release on parole is not a protected liberty interest. Therefore, any claim regarding Petitioner's parole status is simply not properly before the Court in this proceeding and should be denied.

**c. Miller County Conviction**: Petitioner raises several challenges to his conviction in Miller County Circuit Court. He claims he received ineffective assistance of counsel, was subjected to double jeopardy, and was illegally sentenced. Petitioner filed these claims within the one-year statute of limitations of the AEDPA. Thus the Petition was timely filed. However, the Court finds these claims are procedurally defaulted as Petitioner failed to present them to the state courts before filing his claim for *habeas* relief here.

As a matter of comity, the federal courts should not review a claim of deprivation of constitutional rights by a state prisoner until the state courts have had an opportunity to review the claim and correct any constitutional error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d

1178, 1179 (8th Cir. 1993). A federal *habeas* petitioner may proceed without having exhausted state remedies only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)

In regards to the Miller County convictions, Petitioner pled guilty and thus waived his right under Arkansas law to appeal to the states appellate courts. *See* ARK. R. APP. P.-CRIM. 1(a). Petitioner admits he did not appeal and further there is no record of him seeking state post-conviction relief.

Petitioner could have preserved his right to appeal his guilty plea pursuant to ARK. R. CRIM. P. 24.3(b) and pursued a direct appeal of the Miller County conviction. He also could have filed a petition pursuant to ARK. R. CRIM. P. 37.1. Rule 37.1 has a ninety (90) day limitations period in this instance. *See* ARK. R. CRIM. P. 37.2(c)("If a conviction was obtained on a plea of guilty . . . a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."). Petitioner has defaulted these claims and can not proceed in this Court with a *habeas* petition, unless he can show cause and prejudice for his default.

A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[6]," then he overcomes

---

[6] To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

Case 6:13-cv-06080-RTD   Document 31   Filed 01/27/14   Page 9 of 10 PageID #: 221

the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, Petitioner does not allege any cause at all for his procedural default. He does claim his counsel was ineffective for failing to adequately explain the ramifications of the guilty plea. In some cases, ineffective assistance of counsel may be cause excusing a procedural default. *See Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002); However, in order to urge ineffective assistance as cause excusing a procedural default, the federal *habeas* petitioner must have properly raised the ineffectiveness claim in state court. *See id,* citing *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000). Petitioner did not do that here and thus cannot establish "cause" for his procedural default in this manner.[7]

## IV. Recommendation:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[8]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[7] Because the Petitioner has failed to establish "cause" for his procedural default, the Court need not examine whether he was prejudiced by the default.

[8] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

-9-

**objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **DATED** this **27th day of January 2014.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE